Opinion for the Court filed by Circuit Judge SENTELLE.
Opinion filed by Circuit Judge RANDOLPH, concurring in the judgment.
SENTELLE, Circuit Judge.
Mohammad Munaf, an American citizen, traveled to Iraq in 2005. In October 2006 he was convicted on kidnapping charges and sentenced to death by the Central Criminal Court of Iraq (“CCCI”). He is *583 being held, in Iraq, by United States military personnel serving as part of the Mul-ti-National Force-Iraq (“MNF-I”). Mu-naf sought a writ of habeas corpus in the United States District Court for the District of Columbia, naming the Secretary of the Army and others as respondents. Soon after Munaf s conviction by the Iraqi criminal court, the district court held that it lacked jurisdiction and dismissed the petition. Mohammed v. Harvey, 456 F.Supp.2d 115 (D.D.C.2006). Munaf appeals. Constrained by precedent, we hold that the district court does not have the power or authority to entertain Munafs petition and we therefore affirm.
Our result is required by the Supreme Court’s decision in Hirota v. MacArthur, 338 U.S. 197, 69 S.Ct. 197, 93 L.Ed. 1902 (1948), as that decision has been applied by this court in Flick v. Johnson, 174 F.2d 983 (D.C.Cir.1949), and interpreted by Omar v. Harvey, 479 F.3d 1 (D.C.Cir.2007). In Hirota, Japanese citizens sought permission to file petitions for writs of habeas corpus directly in the United States Supreme Court. The petitioners were held in Japan, where they had been tried by a military tribunal authorized by General Douglas MacArthur acting as the Supreme Commander for the occupying Allied Powers, Hirota, 338 U.S. at 198, 69 S.Ct. 197. In a short per curiam opinion the Supreme Court concluded that the sentencing tribunal “[was] not a tribunal of the United States” and held that “[u]nder the foregoing circumstances the courts of the United States have no power or authority to review, to affirm, set aside or annul the judgments and sentences imposed on these petitioners.” Id.
Flick involved a habeas petition filed in the United States District Court for the District of Columbia by a German citizen held in Germany by American forces after he was convicted by a military tribunal. 174 F.2d 983. Relying on Hirota, we framed the jurisdictional question as follows: “Was the court which tried and sentenced Flick a tribunal of the United States? If it was not, no court of this country has power or authority to review, affirm, set aside or annul the judgment and sentence imposed on Flick.” Id. at 984. Finding that the military tribunal was not a U.S. court, we held that the district court lacked jurisdiction to review Flick’s habeas petition. Id. at 986.
Our recent decision in Omar involved a habeas petition filed on behalf of a United States citizen being held in Iraq by U.S. forces acting as part of the MNF-I. Omar, 479 F.3d at 2. As in Hirota and Flick, Omar involved detention overseas and a multinational force. But unlike the petitioners in Hirota and Flick, Omar had not been charged or convicted by a non-U.S. court. We distinguished Hirota and Flick on this basis and went on to hold that the district court had jurisdiction to hear Omar’s habeas claim. Slip op. at 12-14.
Unlike Omar, the instant case is controlled by Hirota and Flick. The MNF-I is a multinational force, authorized by the United Nations Security Council, that operates in Iraq in coordination with the Iraqi government. The CCCI is an Iraqi criminal court of nationwide jurisdiction and is administered by the government of Iraq; it is not a tribunal of the United States. Accordingly, the district court has no power or authority to hear this case.
Munaf contends that Hirota and Flick do not control because, like Omar and unlike the petitioners in Hirota and Flick, Munaf is a United States citizen.[1] See, e.g., Johnson v. Eisentrager, 339 U.S. 763, 769, 70 S.Ct. 936, 94 L.Ed. 1255 (1950) (describing citizenship as “a head of jurisdiction and a ground of protection”). But *584 Munafs citizenship does not take his case out of the ambit of Hirota and Flick. Hi-rota did not suggest any distinction between citizens and noncitizens who were held abroad pursuant to the judgment of a non-U.S. tribunal. Indeed, Justice Douglas wrote a separate opinion criticizing the Hirota majority for seeming to foreclose habeas review even for American citizens held in such circumstances. See 338 U.S. at 204-05, 69 S.Ct. 1238 (Douglas, J., concurring) (1949). In Omar, we held that “the critical factor in Hirota was the petitioners’ convictions by an international tribunal.” 479 F.3d at 7. We explained that, because Hirota “articulates no general principle at all,” the decision is controlling as a matter of precedent if the circumstances important to the Court’s decision are present here. Id. at 6. As in Hirota, Munafs case involves an international force, detention overseas, and a conviction by a non-U.S. court. As we noted in Omar, conducting habeas proceedings in the face of such a conviction risks judicial second-guessing of a non-U.S. court’s judgments and sentences, and we explained that Hirota’s repeated references to the petitioners’ sentences “demonstrate[ ] that the Court’s primary concern was that the petitions represented a collateral attack on the final judgment of an international tribunal.” Id. at 7-8. Whether a habeas petition represents a collateral attack on a conviction by a non-U.S. court is not dependent on the petitioner’s citizenship. In light of the precedent established by Hiro-ta, specifically as interpreted in Flick and Omar, American citizenship cannot displace the fact of a criminal conviction in a non-United States court and permit the district court to exercise jurisdiction over Munafs habeas petition.
Munaf also argues that he does not challenge his conviction by the Iraqi court but rather the lawfulness of his detention at the hands of United States military personnel. As with Munafs citizenship argument, we do not think that Hirota and Flick can be distinguished on this ground. In Hirota and Flick, as in this case, U.S. forces who were operating as part of a multinational force detained the petitioners. And as in those cases, continued confinement is dependent on a conviction by a court not of the United States— specifically, a multinational tribunal in Hi-rota and Flick and, in this case, the CCCI, which is a foreign tribunal. The fact that the MNF-I is not an arm of the Iraqi government but rather cooperates with Iraq and its courts in matters of detention does not bring this case outside the scope of Hirota. Munaf states in his brief that “[e]ven if the Iraqi charges were dismissed tomorrow the United States does not suggest [Munaf] would be released.” But the district court’s jurisdiction to inquire into such matters is precisely the issue; if the charges were dismissed, and United States forces were to continue to hold Munaf, this would be a different case. Under Omar the district court arguably would have jurisdiction over Munafs habeas claim.[2] See Omar, 479 F.3d at 9-10.
* * * * * *
One final point deserves emphasis. In holding that the district court lacks jurisdiction, we do not mean to suggest that we find the logic of Hirota especially clear or compelling, particularly as applied to American citizens. In particular, Hirota does not explain why, in cases such as this, the fact of a criminal conviction in a non-U.S. court is a fact of jurisdictional significance under the habeas statute. And as we acknowledged in Omar, the Supreme Court’s recent decisions in Hamdi v. Rumsfeld, 542 U.S. 507, 124 S.Ct. 2633, *585 159 L.Ed.2d 578 (2004), and Rasul v. Bush, 542 U.S. 466, 124 S.Ct. 2686, 159 L.Ed.2d 548 (2004), are grounds for questioning Hirota’s continued vitality. Omar, 479 F.3d at 6. But we are not free to disregard Hirota simply because we may find its logic less than compelling. “If a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions.” Id. at 6 (quoting Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)).
For the reasons discussed above, the judgment of the district court is

Affirmed.

. Munaf was born in Iraq and was naturalized as a United States citizen in 2000.

. Munafs conviction was automatically appealed to the Iraqi Court of Cassation. At oral argument, Munafs counsel stated that the status of that appeal is unclear.